EDWARD ROSENBERG and Another, Appellants, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Respondent.

First Department, December 30, 1927.

Insurance — theft and transportation insurance — policy covered " men's clothing "— claim is for loss of patterns for men's clothing, including linings, canvas, buttons, etc., which were being sent for assembling — policy does not cover goods in question.

A policy of theft and transportation insurance covering " men's clothing " while in transportation, does not cover cloth which has been cut into patterns to be later assembled into completed garments, and the linings, canvas, buttons, etc., which were to be used in completing the garments. The term " men's clothing " means men's finished outward wearing apparel. The mere addition of the words " in transit " does not extend the ordinary meaning of the words used in the policy describing the articles insured.

McAVOY and PROSKAUER, JJ., dissent.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 1st day of June, 1927.

*Charles L. Guy* of counsel [*Elias H. Avram*, attorney], for the appellants.

*Martin A. Schenck* of counsel [*Davies, Auerbach & Cornell*, attorneys], for the respondent.

FINCH, J.   This action was brought upon a policy insuring plaintiffs against loss by perils of transportation, including theft. The policy covered " men's clothing." Certain piece goods which had been cut, together with the necessary trimmings such as linings, canvas, buttons, etc., were sent from New York to Philadelphia, there to be assembled and the process of manufacture into men's clothing completed. The normal period of completing the manufacture would have been approximately three weeks, and the cost

about $5,000 out of a total value when completed of about $7,500. At the close of the plaintiffs' case both sides moved for a directed verdict, and the learned trial court found in favor of the defendant. With this finding we are in accord. The goods lost were not covered by the policy in question, which, as noted, covered only men's clothing. The mere addition of the words " in transit " does not extend the ordinary meaning of the words used in the policy describing the articles insured. The words " men's clothing " have a well-recognized meaning, namely, men's finished outward wearing apparel. Such a shipment is a different shipment from shipping a bundle of buttons and a bundle of trimming and a bundle of piece goods cut in certain lengths and patterns. The plaintiffs themselves describe the goods as " cut goods " in their proof of loss. The goods could not even be said to be substantially manufactured into men's clothing, since approximately five-sevenths of the cost of manufacture had not yet been completed.

It follows that the articles lost were not what was insured, and it is unnecessary to consider the other grounds urged to sustain the judgment.

The judgment appealed from should be affirmed, with costs.

DOWLING, P. J., and MERRELL, J., concur; McAVOY and PROSKAUER, JJ., dissent.

McAVOY, J. (dissenting). Judgment was entered in this cause upon a verdict directed by the court. Both sides had moved for a directed verdict.

The two Rosenbergs, the plaintiffs, constitute the firm of E. & R. Rosenberg, who are now, and have been for a period of years, engaged in manufacturing clothing. In the course of their business they shipped clothing, *i. e.*, cut goods with the necessary trimmings such as linings, canvas, buttons and everything that goes to complete the garment, except the labor that goes to assembling and putting the clothing together, from New York to Philadelphia. The clothing was cut into the approximate pieces for making men's suits in New York, and these cuts, together with all necessary trimmings, were then sent by the plaintiffs to a contractor in Philadelphia, who assembled and put together the garments.

Up to March 15, 1924, the plaintiffs had been shipping this clothing from New York to Philadelphia by railroad. At that time they decided to ship this merchandise by motor truck. Between March 15, 1924, and March 28, 1924, the plaintiffs made shipments of merchandise from New York to Philadelphia using the Manufacturers' Motor Freight Company.

On March 15, 1924, the defendant issued to the plaintiffs a

policy insuring the plaintiffs against the loss on shipments of men's clothing for one year to an aggregate amount of $7,500. The loss covered generally all risks and perils of transportation. The policy contained the following provision: " Warranted by the assured that a valuation of at least $200 is declared to the express company operating as American Railway Express Company, Inc., on all incoming and outgoing shipments applying to every package where the actual value exceeds $200, and no release to other carriers."

On or about March 28, 1924, Rubin Rosenberg saw this policy and after reading it had a conversation with one Milton Strauss, who was a member of the firm of Strauss & Heller, the insurance brokers for the plaintiffs and who had obtained this policy for the plaintiffs. As a result of this conversation Strauss went to the insurance company and obtained from them a rider to the policy. This rider was introduced in evidence as plaintiffs' Exhibit 2 and extends the policy to cover merchandise insured thereunder while in transit in the custody of the Manufacturers' Motor Freight Company. It included, also, the statement: " Warranted that the assured will not release the carrier from any liability." When Mr. Rosenberg got this rider from his broker, he called up the broker who came down to see him and had a talk with him. The broker then went back to the insurance company and saw there Mr. Buss, who had signed the rider to the policy, as agent on behalf of the insurance company. The broker explained to the agent for the insurance company that the rider, as issued, was not in accordance with what the plaintiffs wanted, because they did release the carrier from certain liability, to wit, not more than fifty cents per pound. The broker had with him a copy of the receipt in the form used by the Manufacturers' Motor Freight Service.

The broker told the agent, Buss, that in view of the fact that this freight receipt did not permit the shipper to hold the carrier liable for more than fifty cents per pound, it was necessary to issue another rider, reading that the assured could so release the carrier. The agent of the insurance company, Buss, then told the broker to leave this receipt with him and that it was O. K. to advise the plaintiffs to go ahead and ship and that another rider would be over within a few days. This conversation was then reported by the broker to one of the plaintiffs, Mr. Rubin Rosenberg, and the Rosenbergs were told by their broker to ship, and they thereafter continued to ship by the Manufacturers' Motor Freight Company. Thereafter and on or about April 7, 1924, three cases of merchandise, intrusted by the plaintiffs to the Manufacturers' Motor Freight Company, were stolen or lost. The value of this

shipment exceeded the face amount of the policy of $7,500 and proofs of loss and a demand for this amount were subsequently presented to the insurance company and payment on the policy was refused.

The plaintiffs' theory is that the suit is based, not upon the policy of insurance alone but upon the policy plus the representation to go ahead and ship, waive partial liability, and all would be well. We think this transaction waived strict compliance with the original clause of the policy above quoted.

The agent, Paul Buss, was an agent of the defendant and had authority to make the representation pleaded and proven by the plaintiffs.

The fact that the rider of March 28, 1924 (Plaintiffs' Exhibit 2) was actually signed by the said Paul Buss, as such an agent, is enough to show his authority. If this agent had authority to issue the rider of March 28, 1924, which defendant admits, he certainly had authority to act for the defendant in making the representations sued upon herein.

At the time of the interview between the broker of the plaintiffs and the defendant's agent, the broker showed the agent a copy of the receipt issued by the Manufacturers' Motor Freight Service and told the agent that, in view of the fact that the freight receipt would not permit the insured to hold the carrier liable for more than fifty cents a pound, it was necessary to issue a subsequent rider reading that the assured could release the carrier in excess of fifty cents a pound, and the agent told the broker to leave the receipt with him, and that it was O. K. to advise the plaintiffs to go ahead and ship. This constitutes a waiver of the warranty not to release the carrier.

The defendant urges that the plaintiffs are bound by the policy and the two riders, and that any attempt to introduce evidence of the oral representation is improper, in that it varies the terms of a written instrument. The plaintiffs, however, are not attempting to vary the terms of a written instrument, but are showing that, in addition and subsequent to the issuance of the policy and the rider of March twenty-eighth, there was an oral representation made by the defendant, upon which the plaintiffs acted to their damage.

The defendant, finally, urged that the merchandise lost does not come within the terms of the policy, and is not men's clothing. The evidence shows that the goods lost were cut garments, with all necessary trimmings, such as linings, thread and buttons, and that all that was needed to complete them was the labor that was required to assemble and put them together. It would appear

that these incomplete garments were fairly within the terms of the policy which covered goods in transit, which meant both going and coming according to the nature of plaintiffs' business, of which defendant was aware. It cannot be surmised that plaintiffs or defendant intended the policy to cover only the sewed-up garments on their return from Philadelphia and to leave them unprotected in their partially completed state on their way there to be assembled.

The judgment appealed from should be reversed, with costs, and judgment entered in favor of the plaintiffs, with costs.

PROSKAUER, J., concurs.

Judgment affirmed, with costs.